IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 15-cr-30042 |
| ) | |
| **WALTER BARTZ,** ) | |
| ) | |
| **Defendant.** ) | |

**OPINION**

**SUE E. MYERSCOUGH, U.S. District Judge:**

Before the Court is Defendant Walter Bartz's *pro se* Motion for Compassionate Release (d/e 47) requesting a reduction in his term of imprisonment pursuant to 18 U.S.C. § 3582(c)(1)(A).  For the reasons set forth below, the motion is DENIED.

**I. BACKGROUND**

On May 24, 2016, Defendant Walter Bartz pled guilty to Count 1 of the Indictment for conspiring to manufacture 5 grams or more of actual methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(B).  On September 23, 2016, Defendant was sentenced to 120 months of imprisonment and an 8-year term of supervised release.  Defendant is currently serving his sentence at

FTC Oklahoma City, and he has a projected release date of May 12, 2024.

On July 6, 2020, Defendant filed a pro se motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). See d/e 38; see also, d/e 35. On July 17, 2020, following the appointment of the Federal Public Defender's Office to represent Defendant, an Amended Motion for Compassionate Release was filed. See d/e 39. Defendant sought compassionate release due to his health issues and the COVID-19 pandemic. On July 22, 2020, the Government filed a response opposing Defendant's motion. See d/e 41. The court held a hearing on July 29, 2020. The Court denied the pro se motion and amended motion, finding that Defendant had not demonstrated extraordinary and compelling circumstances because his history of asthma was not sufficient to place him at a high risk of serious illness or death from COVID-19 and because he had already contracted and recovered from COVID-19. See d/e 45. The Court also found that compassionate release was not warranted under the § 3553(a) factors. Id. Defendant did not appeal.

On May 15, 2021, the Court received a letter from Defendant's

mother, which has been construed as a *pro se* Motion for Compassionate Release.  See d/e 47.  The Motion asks the Court to grant compassionate release based on health concerns unrelated to COVID-19 and because Defendant's children miss him.  The Court again appointed the Federal Public Defender's Office to represent Defendant, and directed counsel to file an Amended Motion for Compassionate Release, if appropriate.  See May 18, 2021 Text Order.  After seeking two extensions of time for counsel to attempt to contact Defendant through the BOP, counsel did not file an amended motion.  See d/e 48, 49.  On June 8, 2021, the Government filed a response opposing Defendant's motion.  See d/e 52.

## II. ANALYSIS

As a general matter, the Court is statutorily prohibited from modifying a term of imprisonment once it has been imposed.  See 18 U.S.C. § 3582(c).  However, several statutory exceptions exist, one of which allows the Court to grant a defendant compassionate release if certain requirements are met.  See 18 U.S.C. § 3582(c)(1)(A).

Section 603(b)(1) of the First Step Act amended the statutory

language at 18 U.S.C. § 3582(c)(1)(A).  See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat 5194.  Prior to the First Step Act, the Court could grant a defendant compassionate release only if the Director of the BOP filed a motion seeking that relief.  With the enactment of the First Step Act, 18 U.S.C. § 3582(c)(1)(A) now allows an inmate to file with the Court a motion for compassionate release, but only after exhausting administrative review of a BOP denial of the inmate's request for BOP to file a motion or waiting 30 days from when the inmate made his or her request, whichever is earlier.  The statute now provides:

> The court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Seventh Circuit has held that the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A) "is a mandatory claim-processing rule and therefore must be enforced when properly invoked." United States v. Sanford, 986 F.3d 779, 782 (7th Cir. 2021). An inmate must exhaust all grounds on which he seeks to base his motion for compassionate release in order to satisfy the exhaustion requirement. United States v. Williams, 987 F.3d 700, 704 (7th Cir. 2021) ("The exhaustion requirement is designed to allow the Bureau to bring 'a motion on the defendant's behalf,' before he moves on his own behalf. And the Bureau cannot determine whether it should bring a compassionate-release motion if an inmate does not explain in his request the ground justifying his release." (quoting § 3582(c)(1)(A)).

Here, the Government has raised the defense of exhaustion. In Defendant's prior Motion for Compassionate Release, he alleged he submitted a request to the warden of FCI Forrest City Low. The Court found that the exhaustion requirement was met. In this motion, however, the Defendant is seeking compassionate release on entirely separate grounds from his first motion. Defendant's pro

se Motion does not include any allegation that he submitted a request for compassionate release with the BOP, and the BOP alleges that no request has been received. Accordingly, the Court must dismiss Defendant's Motion for failure to exhaust administrative remedies.

### III. CONCLUSION

For the reasons set forth above, the Court DENIES Defendant Bartz's pro se motion for compassionate release (d/e 47). This ruling does not preclude Defendant from filing another motion for compassionate release in the future if circumstances change. The Clerk is DIRECTED to send a copy of this Opinion to FTC Oklahoma City.

ENTER: June 10, 2021

*/s/ Sue E. Myerscough*
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE